**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CRIMINAL NO.  2:08CR40**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| | ) | |
| **DOUGLAS JOHN HARVEY** | ) | |
| _____ | ) | |

**THIS MATTER** came on for hearing before the Court on January 30,

2009, on the Government's motion for a conflict of interest hearing to

"determine whether the attorney for the defendant has an impermissible

conflict of interest in his representation of the defendant."  **Motion for**

**Conflict of Interest Hearing, filed January 28, 2009, at 1.**  At the

hearing, the Government being represented by Assistant U.S. Attorney

Corey Ellis, and the Defendant was present with his retained counsel, J.

Frank Lay, II.

**FINDINGS OF FACT**

From the evidence presented, the Court finds the following facts.

Defendant is charged in a one count indictment with the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed December 3, 2008.** Prior to the indictment herein, the State of North Carolina had considered prosecuting the Defendant for violation of state laws which involved the same factual situation giving rise to the pending federal charge. During the six-month period the state charges were pending, the Defendant discussed those charges with Mr. Lay and subsequently retained his services to represent the Defendant in this matter. Mr. Lay entered his notice of appearance herein on December 15, 2008. **Entry of Appearance, filed December 15, 2008.**

On January 23, 2009, Mr. Lay advised Assistant U.S. Attorney Corey Ellis that he had represented Matthew Rathbone, a Sylva police officer and the Government's primary fact witness in this case, in two previous matters. **Motion, *supra*, at 2.** According to Mr. Lay, neither of these representations were in any way related to this case. From his prior relationships with Officer Rathbone, Mr. Lay advised the Court that Officer Rathbone was honest and truthful, but this opinion would not compromise

or affect in any way his ability to thoroughly cross examine the officer in connection with the trial in this case and, thus, protect his client's interest.

At the hearing, Mr. Lay stated to the Court that he had advised his client regarding his representation of Officer Rathbone. The Government argued its concerns regarding Mr. Lay's possible conflict of interest to the Court, and the Court explained to the Defendant the dangers of ineffective assistance of counsel if Mr. Lay, by reason of his prior involvement with Officer Rathbone, was, in any way, impaired in conducting a thorough, probative and complete cross-examination of the officer.

The Defendant stated that he had fully discussed the matter with Mr. Lay; that he understood his right to have a different attorney represent him; that he did not see how Mr. Lay's prior representation of Officer Rathbone had any bearing on retaining him as his lawyer; that there was no problem in Mr. Lay's representation during the state court proceedings; that if such a big issue really existed, it would have been brought up in state court; that he and Mr. Lay had spent hours going over his case; and that he wanted Mr. Lay to continue his representation. The Defendant advised he was a high school graduate, a small business owner for 14 years, and possessed

an above average IQ, and that he understood what he was doing by asking the Court to permit Mr. Lay to remain in the case as his attorney.

## CONCLUSIONS OF LAW

The Government has chosen to take the somewhat unusual step in this case where the attorney is representing only one client, of moving the Court to conduct a hearing prior to trial to determine whether defense counsel has an impermissible conflict of interest. This is the exercise of a proper duty by the Government when it perceives a possible conflict of interest between the defense attorney and his client. *United States v. Agurs*, **427 U.S. 97, 110-16 (1976).** The right to effective assistance of counsel includes the right to representation free from a conflict of interest. **U.S. Cont. amend. VI;** *see also, Cuyler v. Sullivan*, **446 U.S. 335, 348-50 (1980).** As a general rule, a defendant has the right to be represented by an attorney of his choice, but the Court retains the right to refuse to waive a conflict of interest. *Wheat v. United States*, **486 U.S. 153, 159 (1988).** The law also recognizes the general right of a defendant to waive his right to conflict-free representation and proceed with the attorney of his choice. *Holloway v. Arkansas*, **435 U.S. 475, 483 n.5 (1978).** But the

waiver must be "knowing, intelligent, and voluntary." ***United States v. Akinseye*, 802 F.2d 740, 745 (4ᵗʰ Cir. 1986) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970) "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").** Such waiver should also be one "that is the expressed wish of the defendant." ***United States v. Tatum*, 943 F.2d 370, 379 (4ᵗʰ Cir. 1991).**

This is not a case where the potential for conflict arises from the joint representation of two or more defendants. ***See* Fed. R. Crim. P. 44(c).** It is a case in which a mature, thoughtful, intelligent individual has knowingly and voluntarily waived any potential conflict of interest that may arise in the course of Mr. Lay's representation, and has expressed the personal desire to proceed to trial with his attorney of choice.

For the reasons set forth above, the Court concludes that the Defendant has knowingly, intelligently, and voluntarily waived any conflict of interest that may arise in this case through his representation by Mr. Lay and that there exists no impermissible conflict of interest in his representation of the Defendant herein.

**IT IS SO ORDERED**.

Signed: February 3, 2009

Lacy H. Thornburg
United States District Judge