# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 CR 40

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DOUGLAS JOHN HARVEY. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding which was held before this court on February 9, 2009. It appearing to the court at the call of this matter on for hearing the defendant was present with his counsel, Jay Frank Lay, II and the Government was present and represented through Assistant United States Attorney Richard Edwards. From the arguments of counsel for the defendant and arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings**. On December 3, 2008 a bill of indictment was issued charging the defendant with being a felon in possession of a firearm. On February 5, 2009, the grand jury filed a superceding bill of indictment charging the defendant with two counts of being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). On February 9, 2009, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the

defendant to count two as contained in the superceding bill of indictment, again that being a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has now entered a plea of guilty on February 9, 2009 to the violation of 18 U.S.C. § 922(g)(1). That crime is a crime of violence as is referenced under 18 U.S.C. § 3142(f)(1)(A). The undersigned made an inquiry of Assistant United States Attorney Richard Edwards as to whether or not there is going to be a recommendation that no

sentence of imprisonment be imposed upon the defendant. Mr. Edwards advised the court that such a recommendation could not be made in this matter. As a result, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed upon the defendant. It would thus appear and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of the defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: February 11, 2009

Dennis L. Howell
United States Magistrate Judge